## Wm. A. Gray et al. v. Justus S. Wulff.

1. WORDS AND PHRASES—"*Long Engagement.*"—In a suit for a wrongful discharge, it was shown that the plaintiff had written the defendant previous to the employment, saying, "I would prefer your house if you can guarantee a long engagement," and that the defendant had replied, "Be here Thursday evening." *Held*, that the term "long engagement" has no certain meaning; that there was no employment for a definite time, and that the defendant had the right to discharge the plaintiff on giving him the customary notice.

Transcript, from a justice of the peace. Appeal from the County Court of Peoria County; the Hon. R. H. LOVETT, Judge, presiding. Heard in this court at the December term, 1896. Reversed. Opinion filed December 17, 1896.

SHEEN & GRAY, attorneys for appellants.

WHITMORE & BARNES, attorneys for appellee; H. C. FULLER, of counsel.

Per Curiam.

This is an appeal from a judgment for $125 recovered by appellee in a suit against appellants to recover a salary as leader of an orchestra in appellants' opera house at Peoria.

The suit was defended upon the grounds that appellee was incompetent, and that appellants were therefore justified in discharging him; that the hiring was not for a definite period of time, and that when discharged the usual time of notice to quit was given appellee, and he was paid in full up to the end of the notice.

It is clear that appellee can not recover under his contract of employment, unless the employment was for a definite time, or unless he was discharged by appellants without notice. He was fully paid for the service actually performed by him. There had been some correspondence between the parties when appellee sent to appellants the following letter:

Muncie, Ind., Nov. 7, 1895.
211 Washington St.

Sir: Yours of October 31st was delayed. In your former letter you said you would " write and send contract as soon as you heard from me." I answered that at once; not hearing from you for three weeks, I looked for work here and am now playing in a small house here. The pay is better than what you offer. Still, this is a variety house and I would prefer your house, if you can make salary $15 weekly, payable weekly, and can guarantee me a long engagement. Let me know as soon as possible, at least one week ahead. Will await word from you until next Monday.

Respectfully,

J. S. Wulff.

Afterward appellants sent the following telegram :

" Peoria, Ill., November 30, 1896.

J. S. Wulff, Leader of Orchestra,
Muncie, Indiana.

Be here Thursday evening rehearsal for opening show.

L. H. Wiley."

The evidence does not show any further or later contract.

The term " long engagement " is quite uncertain. There was no employment for a definite time. Appellants had the right to discharge him on giving him the usual and customary notice.

They had that right independent of the question whether he was competent, and for that reason it is not necessary for us to express any views upon that question.

It appears from the evidence that one week's notice is the usual and customary one in such cases. The testimony of L. H. Wiley and F. D. Kelley is that such notice was given.

Appellee testified that no notice which he considered proper was given. But we think that his own testimony showed sufficient notice. It was to the effect that after he was told, as he was, that a company carrying its own orchestra would occupy the house, and that he would not be needed, he applied to Wiley, the manager, and was told by him in reply as to whether he could go to Chicago for a few days, that yes, he could go to hell. This language may not have been as elegant as might have been employed by Wiley, but it shows he did not wish to retain appellee at the head of the orchestra. Further than this it appears that Wiley threatened appellee with arrest if he continued to crowd himself into the place which he had been occupying before his discharge.

The case is without merit, and upon the plaintiff's own showing no recovery should stand. We therefore are of the opinion that the judgment should be reversed, but that the cause should not be remanded.